LAMAR, Justice,
Dissenting:
¶ 47. I disagree with the majority because, in my view, the given jury instructions, in toto, are abstract. The two instructions which the trial court granted, and which the majority cites with approval, are not tied to the specific facts of this case. See McCarty v. Kellum, 667 So.2d 1277, 1287 (Miss.1995) (“Instructions should be tied to the specific facts of the case and when given merely in the abstract, may be grounds for error.”) More importantly, none of the jury instructions granted by the trial court relate the standard of care to the facts and issues of the case. As the majority aptly notes, “[a]b-straet instructions on legal principles unrelated to facts and issues ... are dangerous, because, although they may be correct in principle, they require legal training to properly interpret.” Id. (emphasis added).
¶ 48. Regardless of whether or not the trial court should have granted the plaintiffs requested instructions P-5 and/or P-6, the trial court failed to fulfill its ultimate duty to properly instruct the jury with any instruction that tied the facts and issues of the case to the law of negligence.[2] The trial court should have given Young the oppoi'tunity to place before the jury an instruction that informed the jury of the matters Young contended were at issue and necessary to prove her theory of the case. When a trial court is put on notice *265 of a legal issue on which the jury should be instructed, it is the court’s ultimate duty to properly instruct the jury on that issue. See Harper v. State, 478 So.2d 1017, 1022 (Miss.1985) (holding that the trial court should modify an improper instruction or advise counsel of the deficiencies and “afford counsel a reasonable opportunity to present a new instruction”).
¶ 49. In my opinion, the majority resorts to rank speculation in concluding that despite the trial court’s failure to tie the abstract instructions concerning negligence to the facts of this case, “there is no doubt that in this case the outcome would have been the same.” (Majority opinion at ¶ 28).
¶ 50. I would reverse the judgment and remand for a new trial since the given jury instructions were all abstract, and when read in toto, failed to present Young’s theory of the case.
DICKINSON, J., Joins this Opinion.

. A trial court is not required to instruct the jury sua sponte or give instructions in addition to those tendered by the parties. Harris v. State, 861 So.2d 1003, 1016 (Miss.2003).